**Not For Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMEL K. SEMPER**<br>**UNITED STATES DISTRICT JUDGE** | **FRANK R. LAUTENBERG**<br>**POST OFFICE AND COURTHOUSE**<br>**NEWARK, NJ 07101**<br>**973-645-3493** |

April 12, 2024

VIA ECF

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

  Re: <u>Peter Oyedeji v. Checkr, Inc., Civil Action No. 23-04096</u>

Dear Litigants:

  The current matter comes before the Court on a motion to dismiss Plaintiff's First Amended Complaint ("FAC") filed by Defendant Checkr, Inc. ("Checkr") (ECF 17), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Peter Oyedeji ("Plaintiff") opposed Defendant's motion. (ECF 26.) Checkr filed a brief in reply. (ECF 27.) The Court reviewed all submissions in support and in opposition[1] and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion is **GRANTED** and Plaintiff's FAC is **DISMISSED with prejudice.**

 **I. BACKGROUND**
  **A. Fair Credit Reporting Act**

  This matter arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The FCRA regulates the contents of "consumer reports" and imposes other requirements on a qualifying Consumer Reporting Agency ("CRA"). 15 U.S.C. § 1681a. Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In enacting the FCRA, "Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (citing *Safeco,* 551 U.S. at 52; *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004)).

  Under the FCRA, CRAs[2] must "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is

---

[1] The Court did not take into consideration Plaintiff's sur-reply filed on December 5, 2023, (ECF 28) as Plaintiff failed to comply with the Court's local rules. *See* Local Civ. R. 7.1(d)(6) ("no sur-replies are permitted without permission of the Judge to whom the case is assigned.").

[2] "The term 'consumer reporting agency' means any person [including a corporation or other entity] which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing

fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b). The Act provides that a consumer reporting agency may furnish a consumer report in certain enumerated circumstances. § 1681b. The Act provides for both criminal penalties, § 1681q, and civil liability which may include compensatory and punitive damages, costs, and attorneys' fees. §§ 1681n, 1681o. The United States district courts have jurisdiction over suits brought under the statute. § 1681p; *see also Houghton v. Ins. Crime Prevention Inst.*, 795 F.2d 322, 324 (3d Cir. 1986).

### B. Relevant Factual and Procedural Background[3]

Plaintiff is an adult individual who resides in the state of New Jersey. (ECF 10, FAC ¶ 4.) Checkr is a CRA that prepares background and employment screening services ("Consumer Reports") on individuals engaged with companies like Uber and Postmates. (*Id.* ¶ 5; ECF 17, Def. Br. at 1.)

On or around January 30, 2021, Plaintiff was notified by Checkr of a background check request in connection with his employment with RIDE WITH VIA ("Via"), an on-demand ride sharing platform for which Plaintiff worked as a driver. (ECF 10, FAC ¶¶ 14-15.)  On or around February 1, 2021, Checkr prepared a consumer report[4] at Via's request ("Via Report"), reporting that Plaintiff had committed driving-related violations in June 2019 and September 2020. (*Id.* ¶¶ 15-16; *see also* ECF 17, Def. Br. at 2.) Plaintiff alleges Via terminated his "contract and employment" in February 2021 following the results of the Via Report. (ECF 10, FAC ¶¶ 17, 19.) Thereafter, Plaintiff disputed the "completeness and accuracy" of the reported information directly with Checkr. (*Id.* ¶ 20.) Plaintiff provided a copy of his driver's license and stated he had "cleared all things," his license is "intact now," he has only a "single point on his license[,]" and he requested a "re-investigation." (*Id.* ¶¶ 20-21.) On or about March 15, 2021, Checkr completed its re-investigation. (*Id.* ¶ 22.) However, Plaintiff alleges Checkr failed to properly reinvestigate his dispute in violation of the FCRA as the completed re-investigation report was "outdated." (*Id.* ¶¶ 23-24.)

Thereafter, Plaintiff applied to drive for Postmates and Via in March 2021. (*Id.* ¶ 25.) Checkr prepared a report about Plaintiff for Postmates ("Postmates Report") containing the same Pennsylvania and New Jersey driving records. (ECF 10, FAC ¶ 28.) Plaintiff's applications were denied, and Plaintiff alleges the records were inaccurate because he "settled with the court" to resolve some of the records, and he "has a valid license, and his car was registered." (*Id.* ¶¶ 32-33.) Checkr allegedly reported the same "inaccurate" information in consumer reports to Uber Eats in September 2021 ("Uber Eats Report") and Kyte in October 2022 ("Kyte Report"). (*Id.* ¶¶ 41-44, 54-59.) Plaintiff contends that Uber Eats and Kyte did not allow him to drive on its platforms because Checkr "failed to mark the item disputed or delete" the Pennsylvania and New Jersey driving violations. (*Id.* ¶¶ 46-48, 59-60.) In April 2023, Plaintiff disputed the Kyte Report with Checkr, resulting in an additional re-investigation from Checkr. (*Id.* ¶¶ 63-67.) On June 27, 2023,

---

consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

[3] The facts and procedural history are drawn from the First Amended Complaint (ECF 10, "FAC"), Defendant's Brief in Support of the Motion to Dismiss (ECF 17, "Def. Br."), Plaintiff's Brief in Opposition (ECF 26, "Pl. Br."), and Defendant's Reply in Support of its Motion (ECF 29 "Def. Rep."). The Court also relies on documents integral to or relied upon by the First Amended Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[4] In deciding a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint if the complainant's claims are based upon the provided documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Checkr issued the result of the re-investigation to Plaintiff, declining to change the Report and stating that the Report was accurate as "the information [reported] comes directly from the current public record." (*Id.* ¶ 68.)

Plaintiff filed his initial Complaint on July 31, 2023. (*See* ECF 1.) Plaintiff filed the First Amended Complaint on September 26, 2023, asserting six FCRA claims against Checkr: a claim under 15 U.S.C. § 1681e(b) for failing to assure the maximum possible accuracy of his background reports (Count 1) and five claims under 15 U.S.C. § 1681i(a) for failing to properly conduct a reinvestigation after Plaintiff disputed the reports' accuracy (Counts 2 through 6). (*See* ECF 10, FAC.) He alleges he lost employment opportunities and suffered reputational harm and other emotional distress because of Checkr's actions. (*Id.* ¶ 75.)

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."[5] *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III.   LEGAL ANALYSIS

Plaintiff asserts six counts against Checkr pursuant to the FCRA. (*See generally* ECF 10, FAC) Specifically, Count I asserts claims under § 1681e(b) and Counts II through VI assert violations pursuant to § 1681i(a).

---

[5] Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the "Court need not . . . credit a pro se plaintiff's bald assertions or legal conclusions." *Mestman v. Escandon*, No. 14-3880, 2014 WL 11398143, at *1 (D.N.J. June 25, 2014) (internal citations and quotations omitted).

3

1. **Statute of Limitations**[6]

At the outset, Defendant argues that Plaintiff's claims based on the Via and Postmates Reports, respectively, are untimely and must be dismissed. The FCRA contains a statute of limitations, limiting suit to two years "after the date of discovery by the Plaintiff of the violation that is the basis for such liability" or five years "after the date on which the violation that is the basis for such liability." § 1681p.

Here, the former applies as it relates to Plaintiff's claims with respect to the Via and Postmates Reports. Plaintiff alleges Checkr prepared the Via Report in February 2021, and he disputed it the same month. (ECF 10, FAC ¶¶ 16, 20.) Therefore, his FCRA claim based on inaccuracy or an improper reinvestigation of the Via Report expired two years later, in February 2023. Similarly, Plaintiff alleges Checkr prepared the Postmates Report in March 2021 (*Id.* ¶¶ 28-29.) Indeed, it follows that any FCRA inaccuracy claim expired in March 2023 as it relates to the Postmates Report.[7] Plaintiff did not file his initial Complaint until July 31, 2023. (*See* ECF 1.) Therefore, the aforementioned claims with respect to the Via and Postmates Reports are respectively time-barred.[8] *See* 15 U.S.C. § 1681p(1).

2. **FCRA § 1681e(b)**

Notwithstanding the statute of limitations deficiencies, Defendant further argues that all of Plaintiff's claims fail as a matter of law because Plaintiff has not plausibly alleged that Checkr's reports were inaccurate.[9] (ECF 17, Def. Br. at 6.) The Court agrees. FCRA § 1681e(b) requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). To state a claim under this provision, a plaintiff must allege that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)); *see also Berkery v. Equifax Info. Servs. LLC*, No. 18-3417, 2019 WL 1958567, at *3 (E.D. Pa. May 2, 2019). A plaintiff must allege all four elements to state a proper FCRA claim. *See Bibbs*, 43 F.4th at 342.

Here, Plaintiff does not properly dispute the accuracy of the underlying information Checkr reported to Uber Eats and Kyte. Rather, Plaintiff claims the underlying offenses reported by Checkr were "disposed of and settled," and that Plaintiff "has a valid license, and his car was registered, which makes [the] information incomplete and inaccurate." (ECF 10, FAC ¶ 45.)

---

[6] The Federal Rules of Civil Procedure technically "require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). However, "[t]he law of this Circuit permits a statute of limitations defense to be raised as a Rule 12(b)(6) motion if the 'time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Smith v. Brant Beach Yacht Club,* No. 18-1856, 2018 WL 1605161, at *2 (D.N.J. Apr. 3, 2018) (quoting *Schmidt*, 770 F.3d at 249 (internal citations omitted)). In other words, if a statute of limitations bar is apparent on the face of a complaint, then a defendant may raise a statute of limitations defense in a motion to dismiss. *Schmidt*, 770 F.3d at 249.

[7] Plaintiff does not contend in his FAC that he disputed the Postmates report. (*See* ECF 10, FAC ¶¶ 26-36.)

[8] To be clear, Plaintiff's claims as they pertain to the Postmates and Via Reports, respectively, are dismissed with prejudice and will not be considered for further analysis in this letter opinion.

[9] The Court analyzes Plaintiff's claims under FCRA sections 1681e(b) and 1681i(a) as they relate to the Uber Eats Report and Kyte Report. As discussed, the claims regarding the Via and Postmates Reports are untimely pursuant to statute. § 1681p.

Plaintiff's bald and conclusory assertions that Checkr furnished "inaccurate" or "incomplete" information fails to assert the actual factual inaccuracies contained within the Checkr Reports. (ECF 10, FAC ¶¶ 58, 61.) The fact that Plaintiff now has a valid license, and the matter was "settled by the Court" does not negate the accuracy of the information reported.[10] Indeed, Checkr reported the information that was included in the public record, available from Plaintiff's Misdemeanor report and Motor Vehicle Report, respectively.[11] (*Id.* ¶¶ 43, 57, 68.) Checkr's accurate reporting negates the first element of a § 1681e(b) claim. Therefore, the Court need not consider the other three elements of such a claim, as a plaintiff must satisfy all elements to state a claim for relief. *See, e.g.*, *Reese v. Uber Techs., Inc.*, No. 18-3300, 2020 WL 13689685, at *1 n.1 (E.D. Pa. Mar. 25, 2020); *Chijioke-Uche v. Equifax Info Servs.*, No. 19-4006, 2021 WL 2005499, at *3, *9 (E.D. Pa. May 20, 2021).

To the extent Plaintiff asserts Checkr failed to maintain a procedure designed to ensure maximum possible accuracy because the reports were misleading, Plaintiff still fails to assert a valid claim. CRAs are only required to take "reasonable" measures to ensure "maximum possible accuracy" in their reports. § 1681e(b). They are not required to ensure maximum completeness of those reports. "Reasonable procedures are those that a reasonably prudent person would undertake under the circumstances." *Bautista v. Checkr, Inc.*, No. 23-3796, 2024 WL 772552, at *5 (D.N.J. Feb. 26, 2024) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996) (internal quotations and citations omitted)). "Judging the reasonableness of a [credit reporting] agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy."[12] *Philbin,* 101 F.3d at 963.

Here, as noted, Plaintiff takes issue with the fact that Checkr reported information taken directly from "the current public record." (ECF 10, FAC ¶ 68.) By way of inference, it appears Plaintiff wishes to impose a higher burden on Checkr than is required by law. Indeed, "[r]equiring the further step of gathering information from [other sources] to ensure comprehensiveness of Plaintiff's background report . . . would impose a burden on Checkr that would be beyond the actions a reasonably prudent CRA would take under the circumstances." *Bautista*, 2024 WL 772552, at *5. As such, Plaintiff's claim under FCRA § 1681e(b) is dismissed with prejudice.

### 3. FCRA § 1681i(a)

Plaintiff alleges five counts pursuant to § 1681i(a) chiefly alleging that Checkr failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, failed to record the current status of the disputed information, or delete the items from the file. (ECF 10, FAC ¶ 85.)  When a consumer disputes information retained by a CRA and notifies the agency, the CRA must "conduct a reasonable reinvestigation." § 1681i(a)(1)(A). "A [CRA] is liable for failing to reinvestigate under § 1681i if it 'had a duty to do so, and . . . would have discovered a discrepancy had it undertaken a reasonable investigation.'" *Berkery*, 2019 WL 1958567, at *3 (quoting *Cortez*, 617 F.3d at 713). Defendant argues that Plaintiff's claim under

---

[10] Plaintiff does not allege the records in question were legally expunged or removed from his driving history such that they could not be reported.

[11] Plaintiff further does not allege that Checkr included in its report information prohibited by the FCRA, such as information about outdated arrests or criminal charges that did not result in convictions. *See*, *e.g.*, *Reese v. Uber Techs., Inc.*, No. 18-3300, 2020 WL 13689685, at *1 n.1 (E.D. Pa. Mar. 25, 2020); *Harmon v. RapidCourt, LLC*, No. 17-5688, 2018 WL 6062355, at *1 (E.D. Pa. Nov. 20, 2018).

[12] "[T]he reasonableness of a credit reporting agency's procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" *Cortez v. Trans Union, LLC,* 617 F.3d 688, 709 (3d Cir. 2010) (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)).

5

FCRA § 1681i(a) must fail, however, as a matter of law because Plaintiff has failed to properly allege that the reported information was inaccurate. The Court agrees.

Plaintiff's First Amended Complaint fails because like a § 1681e(b) claim, a § 1681i(a) claim requires a plaintiff to allege that a consumer report was inaccurate. As currently pled, Plaintiff's dispute does not plausibly assert that Checkr's reports were factually inaccurate. The Third Circuit in *Bibbs* importantly held that "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *Bibbs*, 43 F.4th at 344. Based on Plaintiff's FAC, the Court agrees that Plaintiff's claims under § 1681i must fail as a matter of law because Plaintiff has not asserted a plausible claim for relief.[13] Therefore, Plaintiff's claims under FCRA § 1681i are dismissed with prejudice.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss Plaintiff's Complaint (ECF 17), is **GRANTED.** Plaintiff's First Amended Complaint is dismissed with prejudice. An appropriate Order accompanies this letter opinion.

                                          */s/  Jamel K. Semper*
                                          **HON. JAMEL K. SEMPER**
                                          **United States District Judge**

Orig:  Clerk
cc:     Jose R. Almonte, U.S.M.J.
        Parties

---

[13] Plaintiff acknowledges throughout his FAC that Checkr engaged in the re-investigation process with Plaintiff and responded on numerous occasions to his inquiries. (ECF 10, FAC ¶¶ 21-23, 63, 68(f).) Critically, when there is no indication that the contested information is inaccurate, "the statute does not mandate further investigation." *Bibbs*, 43 F.4th at 339 (internal quotation marks omitted); *Berkery*, 2019 WL 1958567, at *3 (noting a CRA is liable under § 1681i(a) only if it had a duty to reinvestigate and "would have discovered a discrepancy had it undertaken a reasonable investigation."). Here, Checkr reported information from the public record and aside from conclusory allegations, Plaintiff does not dispute the accuracy of the reports in question.